GLOBE INDUSTRIAL LOAN CORPORATION, FORMERLY METROPOLITAN FINANCE SERVICE, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. BENJAMIN STEINBERG AND MINNIE STEINBERG, DEFENDANTS-RESPONDENTS.

Argued January 21, 1936—Decided July 15, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Irving U. Young* (*Arthur F. Egner*, of counsel).

For the respondents, no appearance.

The opinion of the court was delivered by

HEHER, J. Plaintiff sued on a promissory note in the principal sum of $300, bearing interest at the rate of three per cent. per month, made by respondents to appellant, then known in law as the Metropolitan Finance Service, a corporation licensed to do business under chapter 49 of the laws of 1914, as amended, popularly called the Small Loan act. *Pamph. L.* 1914, *ch.* 49, *p.* 75; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 359, § 35-13; *Pamph. L.* 1929, *ch.* 293, *p.* 683; *Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 209, 210, §§ 35-14-15-17. The note was made and delivered on June 9th, 1928, and, concededly, the transaction was within the statute referred to. The plaintiff's license to transact business under that statute expired on February 15th, 1930, and on the 18th

of the following month its corporate name was changed as indicated in the title. Thereafter it collected interest at the rate stipulated in the contract; and the District Court judge held that appellant's "acceptance of interest," after the expiration of its license, "at the rate permitted by the Small Loan act * * *, and its charge of interest thereafter at such rate, constituted doing business after the expiration of its license;" and that "the operation of such business after the change of its name * * *, in the absence of the statutory license, was conduct by a corporation not licensed" under that act.

In so holding, the judge fell into palpable error. As to the first ground, see *Continental Finance Corp.* v. *Warren,* 10 *N. J. Mis. R.* 607. And it is obvious that, for like considerations, the mere change of corporate name did not create such disability.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion; costs to abide the event.